PHILLIP A. TALBERT
Acting United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

KENNETH A. POLITE, JR.
Assistant Attorney General
JOHN-ALEX ROMANO, Trial Attorney
Human Rights and Special Prosecutions
Criminal Division, U.S. Dept. of Justice
1301 New York Avenue, NW, Suite 1262
Washington, DC 20530
Telephone: (202) 353-0249

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>         v.<br><br>GERALD LEON RAY, III,<br><br>         Defendant. | CASE NO. 2:21-CR-0114-KJM<br><br>BENCH BRIEF REGARDING THE MILITARY EXTRATERRITORIAL JURISDICTION ACT |
|---|---|

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Heiko Coppola, Assistant United States Attorney for the Eastern District of California, and John-Alex Romano, Trial Attorney for the Criminal Division of the U.S. Department of Justice, respectfully submit the following bench brief regarding the jurisdictional statute and procedures applicable to this case:

Gerald Leon Ray ("Ray" or "defendant") indicted by a Federal Grand Jury in the Eastern District of California on one count of Assault Resulting in Serious Bodily Injury Committed by a Person Employed by the Armed Forces Outside the United States (18 U.S.C. §§ 113(a)(6), 3261(a)(1)).  The

conduct that gave rise to these charges occurred in the Republic of Korea (South Korea), near two United States military installations: Osan Air Base and U.S. Army Garrison Humphreys. The United States has jurisdiction over this offense pursuant to the Military Extraterritorial Jurisdiction Act ("MEJA)", 18 U.S.C. §§ 3261-3267. Venue for this offense is in the Eastern District of California pursuant to 18 U.S.C. § 3238, because Ray's last known U.S. residence was in Lathrop, California (San Joaquin County), and an indictment was filed in this district.

Ray is currently living in Germany, having left South Korea for Germany earlier this year. He recently obtained part time civilian employment working at a club on a U.S. military base in Germany. On October 13, 2021, the defendant was arrested in Germany by military law enforcement and transported to a detention facility on Sembach Kaserne, a U.S. Army installation in Germany close to where the defendant works and lives.

Given the extraterritorial nature of MEJA, Congress anticipated that defendants in these types of cases may be arrested overseas; therefore, the statute outlines the procedures to be used for the initial appearance, detention hearing, and removal of defendants to the United States. The following is a short discussion of MEJA and the statutory provisions applicable to the procedural process.

### I. MEJA Jurisdiction Over Crimes Committed Outside the United States

The Military Extraterritorial Jurisdiction Act (MEJA), 18 U.S.C. §§ 3261-3267, subjects certain individuals to prosecution in federal district court for offenses committed outside the United States if the conduct would have been subject to federal prosecution if it had occurred within the special maritime and territorial jurisdiction of the United States, and if the offense is punishable by imprisonment for more than one year. As relevant here, the categories of individuals who can be subject to prosecution pursuant to MEJA include, *inter alia*, individuals who are "employed by . . . the Armed Forces outside the United States." 18 U.S.C. § 3261(a)(1). Specifically, the statute provides that:

> (a) Whoever engages in conduct outside the United States that would constitute an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States—
> (1) while employed by or accompanying the Armed Forces outside the United States…
> shall be punished as provided for that offense.

*Id*. The statute defines "employed by the Armed Forces outside the United States" to include a individuals who is:

> (A) employed as--
> (i) a civilian employee of--
> (I) the Department of Defense (including a nonappropriated fund instrumentality of the Department); or
> (II) any other Federal agency, or any provisional authority, to the extent such employment relates to supporting the mission of the Department of Defense overseas;
> . . .
> (B) present or residing outside the United States in connection with such employment; and
> (C) not a national of or ordinarily resident in the host nation.

*Id.* § 3267(1).

Accordingly, if a defendant satisfies the foregoing definition and (1) the defendant committed an offense that would have been subject to federal prosecution within the special maritime and territorial jurisdiction of the United States,[1] and (2) the offense is punishable by imprisonment for more than one year, then MEJA jurisdiction applies.

## II.   Venue for MEJA-Related Offenses

If MEJA jurisdiction exists, venue is determined pursuant to 18 U.S.C. § 3238, which governs "[o]ffenses not committed in any district." That statute provides:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; ***but if such offender or offenders are not so arrested or brought into any district, an indictment or***

---

[1] Examples of offenses that are subject to federal prosecution if committed in the special maritime and territorial jurisdiction of the United States include, *inter alia*, 18 U.S.C. § 113 (Assaults); 18 U.S.C. § 1111 (Murder); 18 U.S.C. § 1113 (Manslaughter); and 18 U.S.C. § 2241 (Aggravated Sexual Abuse).

*information may be filed in the district of the last known residence of the offender* or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia.

(emphasis added).

### III. MEJA Initial Appearance, Detention, and Removal Procedures

The MEJA statute outlines specific procedures to be followed relating to the initial appearance, detention, and removal of defendants arrested outside of the United States. *See* 18 U.S.C. §§ 3262-3265.

#### A. Initial Appearance and Detention Hearing Procedure

Once arrested abroad, the MEJA statute requires that a defendant have an initial appearance under the Federal Rules of Criminal Procedure. The statute provides that:

- The initial appearance shall be conducted by a Federal magistrate judge; and
- The initial appearance may be carried out by telephone or such other means that enables voice communication among the participants, including any counsel representing the person.

*Id.* § 3265(a)(1).

During the initial proceeding, the magistrate judge is required to determine whether there is probable cause to believe that a MEJA offense was committed and that the individual arrested outside the United States committed the offense. *Id.* § 3265(a)(2).

If the magistrate judge determines that probable cause exists, and the government seeks the individual's detention before trial, then the judge can proceed with a detention hearing pursuant to 18 U.S.C. § 3142(f). If the defendant requests, this detention hearing can be conducted via telephone or video teleconference. *Id.* § 3265(b)(2).

During the initial appearance and detention hearing, the defendant is entitled to be represented by counsel. When this hearing is conducted outside the United States, the magistrate judge may appoint "a

qualified military counsel" for purposes of this hearing. *Id.* § 3265(c)(1). Generally, in circumstances such as those present here, the military unit in the foreign country where the individual is arrested assists with coordinating with the military trial defense attorney for the hearing (*i.e.*, coordinates with the United States Army Trial Defense Service). At the hearing, the magistrate judge can inquire, on the record, to determine whether the attorney is a "qualified military counsel," which, for the purposes of the MEJA statute, includes someone who (1) graduated from an accredited law school or is a member of the bar of a Federal court or of the highest court of a State, and (2) is certified as competent to perform such duties by the Judge Advocate General of the armed force of which he is a member. *Id*. § 3265(2).

The magistrate judge may also appoint U.S.-based counsel, for example the Federal Public Defender's Office, to jointly represent the defendant from the United States in connection with the initial appearance and detention hearing.

**B.      Removal Procedures**

Under MEJA, removal typically refers to the physical removal of a defendant from the country in which he was arrested to the United States. A defendant may be ordered removed to the United States in the following circumstances:

1. a Federal magistrate judge orders the person to be removed to the United States to be present at a detention hearing;

2. a Federal magistrate judge orders the detention of the person before trial pursuant to section 3142(e), in which case the person shall be promptly removed to the United States for purposes of such detention;

3. the person is entitled to, and does not waive, a preliminary examination under the Federal Rules of Criminal Procedures, in which case the person shall be removed to the United States in time for such examination; or

4. a Federal magistrate judge otherwise orders the person to be removed to the United States.

18 U.S.C. § 3264(b).

If a magistrate judge orders a defendant to be removed pursuant to MEJA, U.S. military law enforcement officers usually coordinate the transfer of the defendant's custody to U.S. civilian law enforcement. For example, military officers would transfer custody to deputies from the U.S. Marshals Service, who would then escort the defendant to the district in the United States where the charges are pending.

                                                    Respectively Submitted,

Dated: October 13, 2021                        PHILLIP A. TALBERT
                                                    Acting United States Attorney

                                               By:  /s/ HEIKO P. COPPOLA
                                                      HEIKO P. COPPOLA
                                                      Assistant United States Attorney

Dated: October 13, 2021                        KENNETH A. POLITE, JR
                                                    Assistant Attorney General

                                               By:  /s/ JOHN-ALEX ROMANO
                                                      JOHN-ALEX ROMANO
                                                      Trial Attorney